Larry R. Woolford, Esq.
Attorney for Plaintiffs
POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
larry@poulsonwoolford.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT JUNEAU

| | |
|---|---|
| JOHN ABEYTA and JUSTINA ABEYTA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT FOR DAMAGES** <br> **(28 U.S.C. § 1346(b) and 28 U.S.C. § 2671)** |

The plaintiffs, John and Justina Abeyta allege as follows:

### STATEMENT OF JURISDICTION

The plaintiffs bring this claim against the United States of America under the Federal Tort Claims Act, pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671.

1. The married plaintiffs reside at 104 Rudolph Walton Circle, Sitka, Alaska, and are entitled to bring and maintain this action.

2. The plaintiffs have complied with all conditions precedent to bringing this action against the United States of America.

3. The plaintiffs submitted a claim to the Southeast Alaska Regional Health Consortium ("SEARHC") on February 2, 2007.

4. As of the filing of this Complaint for Damages, the plaintiffs' claim has not been denied or otherwise responded to.

### FACTUAL BACKGROUND

5. On or about February 4, 2005, SEARHC owned and maintained facilities, including Mt. Edgecumbe Hospital ("the hospital"), to provide medical services in Sitka, Alaska.

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

6. On or about February 4, 2005, SEARHC owned and maintained parking facilities at the hospital.

7. Those parking facilities included a designated disabled/handicap parking space.

8. That parking space was identified by blue line striping and signage displaying disabled/handicap insignia.

9. The disabled parking space was located behind the dental clinic and was paved parking.

10. The disabled parking space was reserved for use by disabled individuals and those persons assisting them. Signage and colored striping directed disabled individuals to this reserved parking space.

11. On February 4, 2005, John Abeyta suffered from disabling physical conditions for which a disability parking permit had been issued by the State of Alaska.

12. On February 4, 2005, Justina Abeyta drove her husband to the SEARHC eye clinic to attend a medical appointment.

13. Arriving at the hospital parking facilities, Justina Abeyta parked the family car in the designated disabled parking space.

14. Justina Abeyta exited the driver side door with the intention of circling the car to the passenger side door to help her husband exit.

15. As Justina Abeyta rounded the rear of the car, she encountered an extremely slick patch of ice that had formed in a crater type basin in the asphalt of the parking lot in the disabled parking space.

16. No warning of the crater basin in the asphalt was posted.

17. No sanding or other type of maintenance had been done on February 4, 2005 to make the disabled parking space safe for traversing by defendants.

18. SEARHC had undertaken no prior apparent efforts to repair the basin crater in the asphalt into which water would naturally accumulate and in cold weather freeze.

19. The existence of the crater basin was apparent on regular inspection and maintenance of the parking lot and disabled parking space.

20. As Justina Abeyta rounded the family vehicle, she stepped on the unsanded ice that had formed in the crater basin of the disabled parking space.

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

21. The ice that had formed in the disabled parking space on February 4, 2005, was an extremely hazardous condition.

22. The ice that had formed in the disabled parking space on February 4, 2005, was extremely slick. This ice was unsanded.

23. The ice that had formed in the crater basin located in the disabled parking space on February 4, 2005, was covered by a light drifting of snow.

24. Justina Abeyta fell on the ice, shattering her left ankle.

25. After falling, Justina Abeyta screamed to her husband for help. John Abeyta was sitting in the passenger side of the vehicle, turned toward the door, with the door open, waiting for his wife to come and assist his exit from the vehicle.

26. John Abeyta heard his wife screaming in pain, and for help, and after several efforts was able to exit the vehicle and hobble to his wife's side as she lay on the ground in pain.

27. Due to his disabilities, John Abeyta was unable to assist his wife, and was relegated to screaming for help. Mr. Abeyta suffered extreme anxiety and distress and fear throughout this entire episode.

28. Help eventually arrived for Ms. Abeyta. Justina Abeyta was med-evaced to Anchorage for medical care.

29. In Anchorage, Ms. Abeyta was diagnosed with a tri-malleolar fracture of her left ankle. She underwent surgery to repair the fractures she suffered to her three ankle bones, including the placement of screws and a plate.

30. Justina Abeyta suffers from a permanent disability as a result of the injuries sustained.

### FIRST CAUSE OF ACTION: NEGLIGENCE

31. SEARHC's actions and omissions constituted negligent failure to inspect, maintain, repair and warn of hazards, the proximate result of which was the injury to Justina Abeyta.

### SECOND CAUSE OF ACTION: NEGLIGENCE *PER SE*

32. SEARHC negligently failed to inspect, maintain, warn or repair the designated disabled parking space in conformity with statutory/regulatory requirements, and this failure constitutes negligence *per se.*

**COMPLAINT**
*Abeyta v. U.S.*
Page 3 of 4

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

33. As a direct and proximate result of the negligence above referenced, Justina Abeyta has suffered, and will continue to suffer, medical and related expenses in an amount according to proof.

34. As a further direct and proximate result of that negligence, Justina Abeyta has suffered a loss of income, and loss of future earning capacity in an amount according to proof.

35. As a further direct and proximate result of that negligence, Justina Abeyta has suffered, and will continue to permanently suffer, pain, suffering, inconvenience, stress, and other general damages in an amount according to proof.

36. As a further direct and proximate result of that negligence, and his presence when his wife was injured, John Abeyta has suffered the negligent infliction of emotional distress in an amount according to proof.

37. As a further direct and proximate result of that negligence, John Abeyta has suffered the loss of care, support, society and companionship of his wife and is entitled to compensation for loss of her consortium in an amount according to proof.

Wherefore, the plaintiffs demand judgment against Defendant United States and pray for the following relief:

1. Their special damages;

2. Their general damages;

3. Prejudgment and postjudgment interest;

4. Attorney fees and costs; and

5. Such further relief as the Court deems appropriate.

DATED this _____ day of June, 2009.

> POULSON & WOOLFORD, LLC
> 636 Harris Street
> Juneau, Alaska 99801
> (907) 586-6529
> (907) 586-6329 Facsimile
> larry@poulsonwoolford.com
>
> Attorneys for Plaintiffs
>
> By: ___/s/ Larry R. Woolford___
> Larry R. Woolford
> Alaska Bar No. 9806023

**COMPLAINT**
*Abeyta v. U.S.*
Page 4 of 4